Rosemary M. Dr. Brackett R.N., Ph.D,
Pro Se
Anthony Dr. Brackett
28501 SW 152 Ave, 220
Miami Dade, Florida
33033

FILED by _____ D.C.

JUN 13 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Rosemary M. Dr. Brackett R.N., Ph.D, Pro Se Anthony Dr. Brackett Plaintiffs, <br><br> vs. <br><br> CITY OF HOMESTEAD, a Florida Municipal Corporation; JEFF PORTER, Individually, and in her capacity as Mayor of the City of Homestead; Homestead, Florida; GEORGE GRETSAS, individually, and in her capacity as City Manager of the City of Homestead,; Homestead, Florida; ALEXANDER ROLLE, Individually, and in her capacity as the Chief of Police for the Homestead Police Department of the City of Homestead, Homestead, Florida; ANTONIO AQUINO, Individually, and in her capacity as Internal Affairs Detective for the Homestead Police Department of the City of Homestead, Homestead, Florida; BRIAN KENNEDY, ALEJANDRO MURGUIDO, VERONICA BLANCO <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES BASED ON:** <br><br> 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1964, 18 U.S.C. § 2721, as well as the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. <br><br> **JURY TRIAL DEMANDED** |

- 1 -

**PLAINTIFFS SECOND AMENDED COMPLAINT**

Now comes Plaintiffs Rosemary M. Dr. Brackett R.N., Ph.D., Pro Se and Anthony Brackett moves the Court for entry of judgement in their favor against defendants and in support of such Complaint states the following:

## JURISDICTION AND VENUE

1. The action is brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1964, 18 U.S.C. § 2721, as well as the First, Second, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

2. The United States District Court for the Southern District of Florida has jurisdiction over the action pursuant to:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil action arising under the Constitution, laws or treaties of the United States;

   b. 28 U.S.C. § 1343, which gives district court's original jurisdiction over action to secure civil rights extended by the United States government;

   c. 28 U.S.C. § 1367(a), which gives district court's supplemental jurisdiction to hear pendant State tort claims arising under State law.

3. Plaintiff has complied with all conditions precedent by to the action pursuant to the requirements of Florida Statute § 768.28, respective to all claims against the CITY OF HOMESTEAD and MIAMI-DADE COUNTY.

4. The incidents complained of in the action occurred in the County of Miami-Dade, State of Florida within the territorial jurisdiction of the court, therefore venue properly lies in the court pursuant to 28 U.S.C. § 1391(b)(2)

## PARTIES

5. Plaintiff Rosemary M Dr. Brackett R.N., Ph.D. (hereinafter "Dr. Brackett" and/or "plaintiff") is a natural person, who, at all times complained of in the action, is a resident of Miami-Dade County, State of Florida.

- 2 -

6. Plaintiff Anthony Brackett (hereinafter "A. Brackett" and/or "plaintiff") is a natural person, who, at all times complained of in the action, is a resident of Miami-Dade County, State of Florida.

7. Defendant CITY OF HOMESTEAD (hereinafter "CITY"), is a Florida municipal corporation, organized and existing under the laws of the State of Florida.

8. Defendant JEFF PORTER (hereinafter, "PORTER" and/or "Mayor PORTER"), is, and at all times complained of herein, was Mayor for Defendant CITY, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant CITY.

9. Defendant GEORGE GRETSAS (hereinafter, "GRETSAS" or "Manager GRETSAS"), is, and at all times complained of herein, was City Manager for Defendant CITY, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant CITY.

10. Defendant ALEXANDER ROLLE (hereinafter, "ROLLE" or "Chief ROLLE"), is, and at all times complained of herein, was Chief of Police for Defendant CITY, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant CITY.

11. Defendant ALEJANDRO MURGUIDO (hereinafter, "MURGUIDO"), is, and at all times complained of herein, was a Police Officer for Defendant CITY, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant CITY.

12. Defendant BRIAN KENNEDY (hereinafter, "KENNEDY"), is, and at all times complained of herein, was a Police Officer for Defendant CITY, acting as an individual person under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant

13. Defendant VERONICA BLANCO (hereinafter, "BLANCO"), is, and at all times complained of herein, was a Police Officer for Defendant CITY, acting as an individual person

under the color of state law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant CITY.

## FACTUAL ALLEGATIONS

14. Plaintiffs Dr. Brackett and A. Brackett are mother and disabled adult son    Both Plaintiffs are active members of their community ..

15. Dr. Brackett, as a result of the event complained herein, exercised her first amendment rights, by regularly speaking out regarding the abuses her and her family witnessed and were subjected to.

16. The events complained of herein took place of an extended period of time, starting approximately in June of 2013, showing a systematic and continued pattern abuse, and conspiracy to commit abuse.

17. Plaintiff Dr. Brackett, attempted to exhaust all resources and avenues seeking redress. Plaintiff's complaints were blocked, unanswered, denied or retaliated against.

18. Moreover, at all times complained of herein, defendants PORTER, GRETSAS, ROLLE, AQUINO, MURGUIDO, BLANCO, KENNEDY were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the City of Homestead "CITY", for, inter alia: 1) using excessive / unreasonable force on persons; 2) unlawfully seizing (detaining and arresting) persons; 3) unlawful searching persons; 4) for fabricating/ destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other CITY, officials, employees and supervisory personnel from civil, administrative, and criminal liability; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 6) for covering-up unlawful and tortious conduct by the City of Homestead police and personnel and were a proximate cause of federal and state constitutional violations complained of below by the plaintiffs in the action.

- 4 -

**PLAINTIFFS SECOND AMENDED COMPLAINT**

19. In addition, defendants CITY, had notice of other false reports, complaints and use of unreasonable force by said individual defendants to the action and failed to take any corrective / disciplinary actions against any of the said defendants. In addition, all of the above-named defendants to the action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs their federal constitutional and statutory rights, and Florida constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive the plaintiffs of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of Florida state law.

20. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiff's federal and state constitutional and statutory rights, as set forth below

## FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Right – Unreasonable Seizure of Person**
**(Plaintiff Dr. Brackett, As to Defendants CITY, MURGUIDO, KENNEDY, BLANCO)**

21. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

22. Defendants CITY, MURGUIDO, KENNEDY, BLANCO acted in concert to deprive Dr. Brackett of her Fourth amendment right to be free from unreasonable seizure of her person.

23. The conduct of defendants CITY, MURGUIDO, KENNEDY, BLANCO was objectively unreasonable and a violation of Dr. Brackett's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983, to be free from unreasonable seizure of her person.

24. As a direct and proximate result of the acts described above, Dr. Brackett has suffered grievously enduring: 1) the loss of her liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred

- 5 -
PLAINTIFFS SECOND AMENDED COMPLAINT

the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

25. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

## SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fifth Amendment Right – Due Process
**(Plaintiff Dr. Brackett, As to Defendants CITY, MURGUIDO, KENNEDY, BLANCO)**

26. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

27. Dr. Brackett, was stopped by KENNEDY, under the guise of a traffic stop, due to difficulty while parking on a congested street, KENNEDY claims he observed behavior, that would be consistent with impaired driving

28. KENNEDY claims DR. BRACKETT, appeared impaired and that he recognized an odor that he associated with person's who are under the influence of alcohol. KENNEDY also claimed that DR. BRACKETTS speech was slurred and incoherent.

29. KENNEDY summoned MURGUIDO to the location of the traffic stop to assist with the creation of the elements associated with charge of "Driving Under the Influence" as, MURGUIDO is employed in the capacity with the CITY, as a "DUI ENFORCEMENT" officer.

30. MURGUIDO, arrival created a shift in control of the incident to MURGUIDO, upon her arrival, he claims to have found DR. BRACKETT sitting in the driver's seat of the vehicle and that he asked if DR. BRACKETT was okay, he claims the response was "O.K." and that DR. BRACKETT admitted she had consumed a bottle of wine prior to operating the vehicle. MURGUIDO claims that he had to repeat her questions several times in order to get a coherent answer.

**PLAINTIFFS SECOND AMENDED COMPLAINT**

31. MURGUIDO, claims that he asked DR. BRACKETT to participate in a "FIELD SOBRIETY TEST" DR. BRACKETT then agreed and when she exited the vehicle, MURGUIDO claims to have seen what appeared to be urine on the car seat and that DR. BRACKETT's pants appeared soiled.

32. MURGUIDO, did not conduct any additional field test, DR. BRACKETT was placed under arrest by MURGUIDO for "Driving Under the Influence" and he then summoned BLANCO to scene to take custody of DR. BRACKETT for transport to the CITY's jail for further tests and processing prior to being transported to the Miami Dade County Jail.

33. MURGUIDO, claims that DR. BRACKETT refused to submit a breath sample yet she recalls providing at the minimum two breath samples at the CITY's jail and later again at the MIAMI DADE COUNTY JAIL as well providing a blood sample. All test results were negative for drugs and alcohol.

34. MURGUIDO, requested that DR. BRACKETT be evaluated by trained medical persons from MIAMI DADE FIRE RESCUE, DR. BRACKETT participated with the evaluation without any objection. All records from the evaluation, show no notations related to odor nor smell of alcohol, feces nor urine, nor is there any documentation of soiled or wet clothing or that DR. BRACKETT's mentation nor speech being consistent with impairment from alcohol, drugs or any other underling medical condition, as indicated on the official medical report from the event.

## THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Right – Unreasonable Seizure of Person**
**(Plaintiff A. Brackett, As to Defendants CITY, MURGUIDO, KENNEDY, BLANCO)**

35. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

36. A. BRACKETT committed no crime, MURGUIDO ordered A. BRACKETT to accompany, DR. BRACKETT to the CITY's Jail with BLANCO and later to the MIAMI DADE COUTY JAIL.

**PLAINTIFFS SECOND AMENDED COMPLAINT**

37. Despite having committed no crime, MURGUIDO summarily and without due process found A. BRACKETT guilty and imposed an unlawful order with criminal consequences.

38. A. BRACKETT's personal liberty had been infringed upon, as he was not able to freely move without fear of being criminally charged and arrested.

39. Defendants, CITY, MURGUIDO, KENNDEDY, BLANCO, acted in concert to deprive A. BRACKETT of her Fourth Amendment, freedom from unreasonable seizure of his person.

40. The conduct of defendants CITY, MURGUIDO, KENNEDY, BLANCO unreasonable and a violation of A. BRACKETT's clearly established rights under the Fourth Amendment and 42 U.S.C. § 1983.

41. As a direct and proximate result of the acts described above, A.BRACKETT has suffered grievously enduring: 1) the lost of his liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

42. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1985
### Conspiracy to Interfere with Civil Rights
### (Plaintiff DR. BRACKETT, As to Defendants CITY, MURGUIDO, KENNEDY, BLANCO)

43. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

**PLAINTIFFS SECOND AMENDED COMPLAINT**

44. Defendants MURGUIDO, KENNEDY, BLANCO all knew or should have known that they had no lawful authority to detain, search, and deprive DR. BRACKETT of her due process rights.

45. Defendants MURGUIDO, KENNEDY, BLANCO cooperated willfully and purposefully, and acted in concert to deny DR. BRACKETT her constitutionally protected civil rights.

46. Defendants MURGUIDO, KENNEDY, BLANCO acted to deny DR. BRACKETT her rights on a "class-based" discriminatory animus.

47. Defendants MURGUIDO, KENNEDY, BLANCO have furthered in their conspiracy to deny rights to citizens they consider second class when they detained, unlawfully searched and summarily without due process

48. The conduct of Defendants MURGUIDO, KENNEDY, BLANCO was objectively unreasonable and a violation of DR. BRACKETT's clearly established constitutional and civil rights and in violation of 42 U.S.C. § 1985.

49. As a direct and proximate result of the acts described above, DR. BRACKETT has suffered grievously enduring: 1) the loss of her liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

50. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

### FIFTH CAUSE OF ACTION
### FALSE IMPRISONMENT

- 9 -

**PLAINTIFFS SECOND AMENDED COMPLAINT**

**(Plaintiff DR. BRACKETT, As to Defendants CITY, MURGUIDO, KENNEDY, BLANCO)**

51. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

52. Defendants MURGUIDO, KENNEDY, BLANCO used threat of force and/or arrest to unlawfully detain DR. BRACKETT. DR. BRACKETT, in fear for her life and safety complied with all unlawful police orders, including staying confined to a fixed area for an unreasonable amount of time.

53. The defendants had no probable cause or reasonable suspicion to detain DR. BRACKETT

54. Defendants MURGUIDO, KENNEDY, BLANCO acting in the course and scope of their employment as police officers, unlawfully detained Plaintiff DR. BRACKETT

55. The conduct of defendants MURGUIDO, KENNEDY, BLANCO was objectively unreasonable and constitute false imprisonment under Florida Law.

56. As a direct and proximate result of the acts described above, DR. BRACKETT has suffered grievously enduring: 1) the loss of her liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

57. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

## SIXTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourteenth Amendment Right – Substantive Due Process**

**PLAINTIFFS SECOND AMENDED COMPLAINT**

**(Plaintiff DR. BRACKETT, As to Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO,)**

58. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

59. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, aggressively acted in a way to deny Dr. Brackett her substantive due process rights, by continually blocking her from filing a formal complaint detailing the abuses she suffered.

60. To date Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, have not allowed Dr. Brackett to file a formal complaint detailing the unlawful conduct and depravation of rights that occurred on June 13, 2013.

61. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO acting individually and in concert deliberately and maliciously delayed and refused to take a complaint from Dr. Brackett

62. Defendant CITY have eternal policy, in accordance with State and Federal law that govern the receiving of complaints regarding officer misconduct. These policies are to ensure citizens First Amendment rights of free speech and redress are upheld.

63. Dr. Brackett had a fundamental right to due process which included filing a complaint with CITY regarding misconduct of officers and abuses of citizens.

64. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, violated Dr. Brackett's Fourteenth Amendment Substantive Due Process right when they denied her access to the internal system of redress.

65. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, maliciously blocked Dr. Brackett's access to procedures for filing internal complaints. The procedures were created by local policy, and state law. Denial of access to those procedures is denial of due process.

66. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, acted in concert to deprive Dr. Brackett of her First, and Fourteenth Amendment rights.

67. The conduct of defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, was objectively unreasonable and violated Dr. Brackett's clearly established rights under s. 5 Art. 1

- 11 -

Florida Constitution, and s. A5 of the Citizens' Bill of Rights of the MIAMI home rule charter, the First and Fourteenth Amendments and 42 U.S.C. § 1983 to petition the police departments for redress.

68. As a direct and proximate result of the acts described above, Dr. Brackett has suffered grievously enduring: 1) the loss of her liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

). The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF 18 U.S.C. § 1961**

**Violation of Fourteenth Amendment Right – Violations of the Racketeer Influenced and Corrupt Organizations Act (RICO)**

**(Plaintiff Dr. Brackett, As to Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, MURGUIDO, KENNEDY, BLANCO)**

70. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

71. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, MURGUIDO, KENNEDY, BLANCO and/or their employees are involved in a continuing conspiracy and retaliation against Dr. Brackett's rights.

72. As detailed above the acts by Defendants were directed to a specific scheme and purpose against Dr. Brackett's, and her right to petition, document and expose against police abuse.

73. Plaintiff contends that a documented pattern of racketeering scheme practice by defendants including: 1) conspire to falsely arrest, and detain citizens 2) conspire to falsify

official reports and documents, 3) conspire to destroy evidence and public records, 4) conspire to cover up police abuse 5) conspire to intimidate families of police shooting victims, 6) conspire to intimate and target activists and journalists, 6) conspire to create false charges in retaliation for free speech, 7) drug trafficking, 8) obstruction of justice, 9) tampering with evidence, and 10) theft.

74. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, MURGUIDO, KENNEDY, BLANCO, did commit upon Dr. Brackett: kidnapping, tampering with a victim or witness, retaliating against a victim or witness, and obstruction of justice to include blocking complaints, falsifying official records and destruction of official records.

75. The combined actions of Defendants taken against Dr. Brackett are not isolated events, but are related and continuous in an open-ended manner.

76. Defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, MURGUIDO, KENNEDY, BLANCO in a continuous and open-ended manner, did participate in a racketeering scheme against Dr. Brackett. The actions of the Defendants damaging Dr. Brackett's rights, business and property. The actions of the Defendants amounting to multiple predicate acts including kidnapping, tampering with a victim or witness, retaliation against a victim or witness, and obstruction of justice. These actions were connected in purpose and not isolated events.

77. The conduct of defendants CITY, PORTER, GRETSAS, ROLLE, AQUINO, KENNEDY, BLANCO was objectively unreasonable and violated DR. BRACKETT's clearly established rights under the First, Second, Fourth, Fifth, Eighth and Fourteenth Amendments, 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 18 U.S.C. 1964 and 18 U.S.C. § 2721.

78. As a direct and proximate result of the acts described above, Dr. Brackett has suffered grievously enduring: 1) the loss of her liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

**PLAINTIFFS SECOND AMENDED COMPLAINT**

79. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

## EIGHTH CAUSE OF ACTION
### MONELL CLAIM
### (Plaintiff DR. BRACKETT, As to Defendants CITY)

80. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

81. A local unit of government can be held liable under 42 U.S.C. § 1983 when the alleged constitutional violations is caused by "policy statement, ordinance, regulation or decision official adopted or promulgated" *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978).

82. The constitutional damages to Dr. Brackett were proximately caused by policy, or through ratification of unconstitutional behavior, exhibiting a failure to properly train supervise or discipline.

83. Defendant CITY is liable under *Monell* for a.) CITY's policy caused the June 13, 2013 detention to be unreasonably and unconstitutionally prolonged, b.) ROLLE was aware of previous factually similar retaliations which were brought to her attention, reasonably being able to predict similar occurrences, and failed to take appropriate action to properly train, supervise and discipline her subordinates, even after such abuses were for at least a second time brought to her attention, c.) ROLLE, failed to properly screen prospective employees, he hired

84. Defendant CITY is liable for Dr. Brackett's injuries due to standard customs and practices, which have been ratified by the subsequent actions of the respective departments.

85. Further, each department blocked Dr. Brackett's complaints more than once, demonstrating a custom or practice of behavior. Additionally, all correspondence between Dr. Brackett and the Internal Affairs department for CITY were copied to the heads of the

- 14 -
**PLAINTIFFS SECOND AMENDED COMPLAINT**

respective agency at the time ROLLE respectively.  These final policy makers all failed to take appropriate corrective action(s).

86. Defendant ROLLE in her position with CITY had a duty to train and supervise their subordinate's work to ensure they operate in a manner that does not violate the rights of citizens of Florida, who are protected by the United States Constitution and the laws of the State of Florida.  However, despite knowledge and acknowledgement of the misconduct within their her department, ROLLE at all times material hereto, failed to properly correct the obvious deficiencies which caused the injuries and damages to Dr. Brackett.  Their inaction allowed said misconduct to be repeated and caused, and allowed further injuries to be inflicted upon Dr. Brackett

87. The failure of ROLLE to properly train, supervise and discipline officers under their respective commands ratified the unconstitutional behavior of their subordinates, and was the proximate cause of the deprivation of rights suffered by Plaintiff, Dr. Brackett.

88. Defendants ROLLE, and AQUINO, abdicated their policymaking and oversight responsibilities, thereby allowing these constitutional violations to occur and continue. ROLLE, is the final policy maker for her municipality, whereas AQUINO, is a de facto policy maker for her municipality due to the positions and responsibilities they hold respectively.

89. Mayor PORTER and Manager GRETSAS are final policy makers for the CITY and further are ROLLE's employer.  Not only were they made aware of the actions of ROLLE and her subordinates, they also violated Dr. Brackett's rights as final policy makers for the CITY. They did that by violating Dr. Brackett's First Amendment rights, while helping CITY officers cover up their crimes against Dr. Brackett.

90. Defendant CITY has liability for the deprivations of the rights of Dr. Brackett due to CITY policy, customs and practices having the force of policy, and ratification of the unconstitutional behavior of subordinates by the final policy makers of the CITY.

91. The CITY is liable for the damages incurred by Dr. Brackett as outlined above, by and through the actions of its employees.

PLAINTIFFS SECOND AMENDED COMPLAINT

92. As a direct and proximate result of the acts described above, Dr. Brackett has suffered grievously enduring: 1) the loss of her liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

93. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

## NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Plaintiff Dr. Brackett, As to ALL Defendants)

94. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as though set forth in full herein.

95. Defendants have a duty Dr. Brackett to act in accordance with her constitutional and civil rights, and to up hold the law.

96. As detailed above on many occasions the defendants individually, and in concert acted to deprive Dr. Brackett of her First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.

97. Defendant's conduct was intentional and malicious and done solely for the purpose of humiliating, punishing, and causing Dr. Brackett great mental anguish and emotional physical distress.

98. As a direct and proximate result of the acts described above, Dr. Brackett has suffered grievously enduring: 1) the loss of her liberty and freedom, 2) mental and emotional injury, distress, pain and suffering, 2) medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation , such as bail costs, including bail amounts, 4) incurred

PLAINTIFFS SECOND AMENDED COMPLAINT

the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

99. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgement against Defendants as follows:

A. Issue a judgement declaring that the acts of the Defendants described herein Violated Plaintiff Constitutional Rights;

B. For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $10,000,000.00 against all defendants;

C. For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, in an amount to be shown at trial, in excess of $10,000,000.00;

D. Cost of suit;

E. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

F. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38-1 of the Local Rules, Plaintiff demands trial by jury for all the issues pleaded herein so triable; and

G. Such other relief as the Honorable Court may deem just and appropriate.

DATED: June 9, 2017

By: _Rosemary M. Brackett_
ROSEMARY M. BRACKETT, PRO SE

ANTHONY BRACKETT,

_Anthony Brackett_

- 17 -

**PLAINTIFFS SECOND AMENDED COMPLAINT**